(No. 12766.—Reversed and remanded.)

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(GILBERT H. COYNE *et al.*
Defendants in Error.)

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. WORKMEN'S COMPENSATION—*legislature must say what per-
sons are entitled to benefit of act.* It is for the legislature and not
the courts to say what class of persons shall be entitled to the bene-
fits of the Workmen's Compensation act, and when the legislature
has plainly excluded a particular class the courts cannot include it.

2. SAME—*police patrolman of the city of Chicago is not within
the Compensation act.* Under the ordinances of the city of Chicago
a police patrolman regularly appointed and sworn as such is an
official of the city and not a mere employee and is by the terms
of the Compensation act excluded from the operation of the act,
regardless of the character of duty he was performing for the city
at the time of his injury.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WIL-
LIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL,
and JAMES J. O'TOOLE, of counsel,) for plaintiff in error.

FINN & MILLER, and MUNSON T. CASE, (O. A. ARNS-
TON, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Gilbert H. Coyne and Bridget Coyne made application
under the Workmen's Compensation act to the Industrial
Commission for compensation for the death of their son,
Gilbert F. Coyne, a policeman of the city of Chicago. The
arbitrator awarded compensation in the sum of $3500, pay-
able in weekly installments of $12 each. Upon a review
of the award the Industrial Commission made a finding that

the deceased was an officer of the city and not an employee, and therefore not within the provisions of the Compensation act, and reversed the decision of the arbitrator. The applicants sued out of the circuit court of Cook county a writ of *certiorari* to bring the record of the Industrial Commission to that court, and the court reversed the decision of the Industrial Commission and remanded the application to the commission, with directions to enter an award in accordance with the finding of the court that the deceased was an employee and not an official of the city. The Industrial Commission made an award in accordance with the directions, and the city then sued out a writ of *certiorari* from the circuit court, and upon a hearing the award was confirmed and judgment rendered for $3500. The court certified that the cause was one proper to be reviewed by this court.

On October 4, 1916, Gilbert F. Coyne was, and for more than nine years had been, a regularly appointed and sworn police patrolman of the city of Chicago and on that date was assigned to duty as such policeman at the Atlas Garage because of a strike at that place. His assignment was from four o'clock until midnight, and having been relieved by another policeman fifteen minutes before twelve o'clock, he left the garage to "ring out" and report at the station that he had been relieved. Five minutes later he was found dead at Superior and Fairbanks streets, two blocks from the garage, lying alongside a charged electric lamp-post which had been bent over the sidewalk at an angle of 45 degrees by an automobile backing against it. His hands and feet were severely charred and burned and it was evident that he had been killed by contact with the lamp-post, which was an obstruction to the sidewalk and which he probably had attempted to set up. The city was engaged in building, maintaining and repairing bridges and other structures, constructive work, electrical work, operation of warehouses and other houses, tunnel building and mining, in which explo-

sive material was used in dangerous quantities, and had never given notice of an election to accept or reject provisions of the Workmen's Compensation act. The deceased had never given notice of an election to reject the provisions of the act.

Section 5 of the Workmen's Compensation act, so far as it applies to this case, provides: "The term 'employee' as used in this act shall be construed to mean: First, every person in the service of the State, county, city, town, township, incorporated village or school district, body politic or municipal corporations therein, under appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein." The question, therefore, before the Industrial Commission and the circuit court was whether the deceased was in the service of the city under an appointment as an employee or as an official. If he was an employee the applicants were entitled to compensation for his death; if he was an official of the city he was excluded by the express terms of section 5.

It was decided in *Stott* v. *City of Chicago,* 205 Ill. 281, *McNeill* v. *City of Chicago,* 212 id. 481, *Moon* v. *Mayor,* 214 id. 40, and *Bullis* v. *City of Chicago,* 235 id. 472, that policemen are not city officers or officials *de jure* unless the office has a legal existence, which must be created by ordinance. But the question whether a *de facto* officer is excluded is not herein involved, because the deceased was a police patrolman *de jure,* regularly appointed and sworn as such. The city, by paragraphs 66 and 68 of section 1 of article 5 of the Incorporation act, had power to regulate the police of the city and pass and enforce all necessary police ordinances and to prescribe the duties and powers of a superintendent of police, policemen and watchmen. By an ordinance in force at and before the accident causing the death of Gilbert F. Coyne, a department of the municipal

government was created known as the department of police, including a general superintendent and patrolmen, and offices were regularly and lawfully created. Various officers, including patrolmen, were to be known and designated as policemen and to constitute the police force of the city, and it was provided that the general superintendent of police should appoint all of the officers and members of the department. Section 12 of article 6 of the Incorporation act provides that policemen shall be conservators of the peace and authorized to arrest or cause to be arrested, with or without process, all persons who shall break the peace or be found violating any ordinance of the city or village or criminal law of the State. Section 2 of division 6 of the Criminal Code makes it the duty of every policeman or other officer of any incorporated city, town or village, having the power of a sheriff or constable, when any criminal offense or breach of the peace is committed or attempted in his presence, forthwith to apprehend the offender and bring him before some justice of the peace, to be dealt with according to law; to suppress all riots and all unlawful assemblies and to keep the peace, and without delay to serve and execute all warrants, writs, precepts or other process to him lawfully directed. These are all duties which can only be performed by officers, and they fix the status of a policeman as an official of the city or village in which he is appointed and sworn to perform such duties. Gilbert F. Coyne was an official of the city of Chicago, and by the terms of section 5 of the Workmen's Compensation act was excluded from its provisions.

A rule promulgated by the chief of police was offered in evidence which required policemen to observe everything on the streets or sidewalks or anything else likely to prove dangerous or inconvenient to the public, and, if possible, to remove such things without delay, and a failure to promptly report to their commanding officer any dangerous condition of the sidewalks or streets on their respective posts was to

be deemed a neglect of duty. The evidence justified a conclusion that the deceased was acting under that rule and attempting to restore the lamp-post to its position or to remove it as a dangerous obstruction, but whether the rule had any validity or the duties imposed by it came within the scope of official duties, the exclusion of officers of a city from the Compensation act is complete and based solely on their official relation to the city. The act is a humane law of a remedial nature, and wherever construction is permissible its language should be liberally construed, but it is for the General Assembly to say who shall be included within the provisions of the act, and the courts are not authorized to bring within the scope of the act persons who are excluded by its express terms. The question what classes of persons shall be entitled to the benefits of the act is legislative, and if it should be deemed wise to include officers when performing duties beyond the scope of the usual duties of an officer, such a provision is for the General Assembly and not for the courts. The finding of the Industrial Commission that Gilbert F. Coyne was an official of the city and not an employee was correct.

There was a further question arising under the exclusion from the provisions of the Workmen's Compensation act of any employee for whose accidental injury or death arising out of and in the course of his employment a pension is payable, but that question will not be noticed because of the necessary conclusion that Gilbert F. Coyne was an official of the city and not an employee.

The judgment of the circuit court is reversed and the cause remanded, with directions to enter an order in conformity with this opinion.

*Reversed and remanded; with directions.*