PHILIP J. KENT, Plaintiff-Appellant, *v.* JOSEPH L. MUSCARELLO *et al.,*
Defendants-Appellees.

(No. 71-389;

Second District—February 13, 1973.

Franz & Franz, of Crystal Lake, for appellant.

Bruce E. Kaufman, of Waukegan, and Harry D. Lavery, of Chicago, both for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The question here presented is whether an action for malicious prosecution is one for "injury to real or personal property" or "to the person", or, where two of the defendants are policemen, it is one "against officers for misfeasance, malfeasance or nonfeasance" within the meaning of the survival statute so as to survive plaintiff's death.

After the plaintiff died the executor of his estate asked leave to be substituted as plaintiff. Defendants objected and moved to dismiss the action with prejudice on the ground that the action did not survive. The court denied leave and dismissed the action with prejudice. Plaintiff appeals from that order.

■■ We have taken with this case a motion to strike certain portions of appellant's Statement of Facts not supported by the record and for his failure to comply with Supreme Court Rule 341(e) (6) which requires appropriate references in the statement of facts to the pages of the record on appeal. Counsel for plaintiff's executor consents to the allowance of the motion to the extent of striking only those portions of the statement of facts in appellant's brief which are not supported by the record. Accordingly, those portions are stricken. However, we feel compelled to call to the attention of counsel that this court was not aided by a statement of facts containing "factual" assertions without appropriate references to the pages of the record, and many assertions without any support whatever in the record on appeal. Counsel's action in submitting such statement of facts was improper and we reproach him for doing so.

On August 12, 1970 Philip Kent brought an action for false imprisonment and malicious prosecution against two police officers for falsely and maliciously, and without reasonable cause, arresting him at his home on July 10, 1969, taking him to jail, where plaintiff was confined about 22 hours on the charge of forgery before being released on bail. When Mr. Kent was brought to trial on August 19, 1969 the charges were dismissed and he was discharged. The original complaint alleged that by reason thereof plaintiff was greatly injured in his good name, credit and reputation, and that he suffered "great anguish and pain of body and mind," paid about $550 in defending himself and was prevented from "transacting his affairs and business" for a long time, to his damage in the sum of $1,000, and demanded judgment in the sum of $100,000 and costs.

After the complaint was once amended by leave of court, plaintiff received leave on May 6, 1971 to file his second amended complaint

joining three other defendants. In that complaint plaintiff alleged further that his anguish and the acts of defendants caused, aggravated or activated the contracting by him of cancer of the thymus gland. On July 10, 1971 plaintiff died leaving a will which was admitted to probate and one Richard Kent was appointed executor. On August 31, 1971 the executor filed a petition alleging such death, the issuance to him of letters testamentary, and requested that he be substituted as plaintiff. On September 30, 1971 the court denied such leave and upon motion of the defendants dismissed the action with prejudice on the ground that the action did not survive plaintiff's death. Appeal is taken from that judgment.

■■ A suit for malicious prosecution is a common law tort action. As such it did not survive the death of the injured party or tort feasor. The Illinois Survival Statute (Ill. Rev. Stat. 1969, ch. 3, sec. 339) provides:

"In addition to the actions which survive by the common law, the following also survive: actions of replevin, *actions to recover damages for an injury to the person* (except slander and libel), *actions to recover damages for an injury to real or personal property* or for the detention or conversion of personal property, *actions against officers for misfeasance, malfeasance, or nonfeasance* of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article IV of 'An Act Relating to Alcoholic Liquors', approved January 31, 1934, as amended." (Underscoring supplied.)

Plaintiff's executor contends that this action survives under one or another of the underscored actions listed in the statute. He relies principally on *McDaniel v. Bullard*, 34 Ill.2d 487. The Illinois Supreme Court there held that, where the beneficiary of a wrongful death action died after commencement of the suit, the right of action inured under the survival statute to the benefit of the beneficiary's estate because the wrongful death action (a statutory action) was an action "to recover damages for an injury to real or personal property," and this includes accrued compensation for pecuniary damages to the beneficiary's estate. The *McDaniel* case expressly overruled *Wilcox v. Bierd*, 330 Ill. 571, another case predicated on the Wrongful Death Act.

■■ Plaintiff's executor urges in effect that we extend the decision in *McDaniel* to include actions for false imprisonment, and malicious prosecution. It has long been the law in Illinois that an action for malicious prosecution does not survive under the survival statute. (*Denslow v. Hutchinson* (1908), 152 Ill.App. 502, 504; *Shedd v. Patterson* (1924), 312 Ill. 371, 375.) There has been no intervening amendment of the survival statute since the *Denslow* and *Shedd* decisions from which it could

be concluded that the legislature had discerned a desire for a change in this rule of law. Thus, the argument here made by plaintiff's executor to broaden the survival statute is one which should be addressed to the legislature and not to this court. The omission of any reference in the survival statute to actions for malicious prosecution is indicative of legislative intent in view of the express references therein to the survival of actions against officers for misfeasance, malfeasance and nonfeasance, actions for fraud and deceit and suits under the Dram Shop Act, as well as to the express exceptions from survival of slander and libel suits.

■■ Finally, we consider the argument of plaintiff's executor that, since the two initial (and apparently principal) defendants were described as "police officers," the action for malicious prosecution, at least as to them, survives under the statute as an action "against officers for misfeasance, malfeasance or nonfeasance". The mere fact that the complaint denominated them as "police officers" does not control. At common law a policeman is not an "officer," and the "office" exists only when created by statute or municipal ordinance. There is nothing in the record here to indicate that the policemen defendants were "officers" of the City of Barrington. Section 24 of Article V of the Illinois Constitution of 1870 defines an "office" as a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed.[1] The two policemen do not come within the definition. (See *Krawiec v. Industrial Com.*, 372 Ill. 560, 564.) Therefore the complaint here could not be said to be an action against "officers" for misfeasance, malfeasance or nonfeasance.

For the foregoing reasons the judgment of the trial court is affirmed. Motion of appellees to strike certain portions of appellant's brief allowed; judgment affirmed.

GUILD, P. J., and T. MORAN, J., concur.

---

[1] The Illinois Constitution of 1970 has no provision defining the term "office".