Leon TEAGUE, Plaintiff-Appellant,

v.

CATERPILLAR TRACTOR COMPANY and United Auto Workers Local Union 974, Defendants-Appellees.

No. 76–1877.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1977.

Decided Oct. 19, 1977.

Aldus S. Mitchell, Jr., Chicago, Ill., for plaintiff-appellant.

Harold A. Katz, Michael F. Rosenblum, Chicago, Ill., Thomas G. Harvel, Peoria, Ill., for defendants-appellees.

Before CUMMINGS and TONE, Circuit Judges, and JAMESON, Senior District Judge.*

PER CURIAM.

Plaintiff appeals from a summary judgment that his claims of employment-related racial harassment were barred by the applicable statutes of limitations. We reverse that judgment with respect to claims based on 42 U.S.C. § 1981 and affirm it with respect to claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Only the § 1981 claims are dealt with in this opinion. The remaining issues are disposed of by an unpublished order [see table 566 F.2d 1176].

Plaintiff has been employed in various positions with the defendant Caterpillar Tractor Company since 1949. In October 1975 he brought this action against Caterpillar and his union, defendant United Auto Workers Local 974. In his amended complaint he alleges racial discrimination generally and several specific incidents of discrimination. After plaintiff's deposition had been taken, both defendants moved for summary judgment. Plaintiff filed an affidavit in opposition. Defendants submitted no affidavits in response, but relied solely on plaintiff's deposition and affidavit in asserting their statutes of limitations defenses.

When the District Court ruled on the timeliness of plaintiff's § 1981 claims, the law of the circuit was that such claims were subject to the state statute of limitations which would govern the most analogous state cause of action. See *Jones v. Jones,* 410 F.2d 365, 366–367 (7th Cir. 1969), *cert. denied,* 396 U.S. 1013, 90 S.Ct. 547, 24

---

\* The Honorable William J. Jameson, Senior District Judge for the District of Montana, is sitting by designation.

L.Ed.2d 505 (1970). The District Court viewed the allegation here as akin to the personal tort of intentional infliction of emotional distress, and accordingly held that plaintiff's claims under 42 U.S.C. § 1981 were barred by the Illinois two-year statute of limitations. Ill.Rev.Stat. ch. 83, § 15 (1975). Although this ruling was correct when made, it must now be reversed because of this court's intervening decision in *Beard v. Robinson,* 563 F.2d 331 (7th Cir. 1977). *Beard* overruled *Jones* and held that henceforth the Illinois general five-year statute of limitations, Ill.Rev.Stat. ch. 83, § 16 (1975), would apply to all "statutory claims brought under the Civil Rights Acts." *Beard v. Robinson, supra,* 563 F.2d at 338.

The fact that *Beard* arose under § 1983 does not distinguish it. The reasoning of the *Beard* opinion, which was that analogizing the facts of a statutory Civil Rights Act claim to a common law cause of action fails to recognize significant and fundamental differences between the two, 563 F.2d at 336–337, applies equally to a § 1981 claim. *Cf. Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 460–461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 422–435, 441 n.78, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). We note also that the court in *Beard* was aware of and cited *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), which affirmed the Fourth Circuit's application of Virginia's two-year statute of limitations for all personal injuries to § 1981 claims. *Beard, supra,* 563 F.2d at 337. The Court in *Runyon* said that it was "not disposed to displace the considered judgment of the Court of Appeals on an issue whose resolution [was] so heavily contingent upon an analysis of state law . . . ." *Runyon v. McCrary, supra,* 427 U.S. at 181, 96 S.Ct. at 2599.

In light of *Beard* this action, which was filed on October 3, 1975, was timely as to § 1981 claims arising after October 3, 1970. We accordingly reverse and remand for trial of those claims.