**Willie Lee SHEPARD, Plaintiff,**

v.

**FOX RIVER FOODS CO., an Illinois Corporation, Defendant.**

**No. 78 C 469.**

United States District Court, N. D. Illinois, E. D.

March 31, 1978.

James P. Leahy, Juergensmeyer, Zimmerman & Smith, Elgin, Ill., for plaintiff.

J. Robert Murphy, Murphy, Griffin & Dixon, Aurora, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant action involves a claim of racial discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, §§ 706 *et seq.*, 42 U.S.C. §§ 2000e–5 *et seq.* Defendant has moved to dismiss on three grounds, but since two of defendant's arguments concern matters raising issues outside of plaintiff's complaint, this court shall only consider defendant's contention that this cause is barred by the Illinois statute of limitations, Ill.Rev.Stat. ch. 83, § 16.

The relevant facts are as follows: Plaintiff was terminated from his employment by defendant on or about November 20, 1972. Plaintiff thereupon filed a complaint with the EEOC which made a determination against plaintiff's individual claim on May 28, 1976. However, the EEOC continued its investigation and thereupon issued a 90-day right-to-sue letter to plaintiff. On February 9, 1978 plaintiff filed this suit, within the 90 days available to institute an action after his receipt of the right-to-sue letter.

Defendant argues that since Title VII does not provide for an overall limitation as to when a cause of action can be brought, federal courts must look to analogous state law in the district to determine what the

statute of limitations is on an action raising racial discrimination in employment opportunities. *See generally Beard v. Robinson,* 563 F.2d 331, 334–35 (7th Cir. 1977). Although the Supreme Court has recently held that the state statute of limitations does not apply to an action brought by the EEOC under Title VII, *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), there has yet to be a definitive ruling on whether such state limitations apply to privately instituted Title VII actions. *See* 2 A. Larson, Employment Discrimination § 49.32, at 10–58 (1975).

However, even if defendant is correct in stating that the Illinois statute of limitations applies to this action, and therefore plaintiff was required to file his suit within 5 years of the date plaintiff's cause of action arose, in the case at bar plaintiff did file his complaint in a timely manner. Plaintiff was terminated from employment on November 20, 1972. Pursuant to Title VII, plaintiff had to file first a complaint with the EEOC before he could institute his private lawsuit. 42 U.S.C. § 2000e–5(f)(1). Moreover, plaintiff was required to wait 180 days until he could request a right-to-sue letter authorizing the institution of his private discrimination suit. Thus, as the Supreme Court recognized:

> The 180-day limitation provides only that this private right of action *does not arise* until 180 days after a charge has been filed.

*Occidental Life Ins. Co. v. EEOC,* 432 U.S. at 361, 97 S.Ct. at 2452 (emphasis supplied). Thus, plaintiff could not have instituted this action until May 17, 1973, 180 days after his termination. Since plaintiff filed this complaint on February 9, 1978, within 5 years of when his private right of action arose, he is not barred by the statute of limitations asserted by defendant.

Accordingly, defendant's motion to dismiss is denied.

It is so ordered.