**Stanley K. de FURGALSKI, Plaintiff,**

v.

**Eugene L. SIEGEL, Jerome Bennett, George A. Rywniak, Thomas A. Cooper, Donald A. Ryan, Charles E. Tokar, Lawrence Grove, Mary Macarol, Edward F. Buettner, Frank R. Angelotti, Carmen Dicarlo, Fred J. Speck and James McQuaid, Defendants.**

**No. 85 C 1858.**

United States District Court, N.D. Illinois, E.D.

Sept. 18, 1985.

James W. Malloy, Chicago, Ill., for plaintiff.

Thomas F. Bridgman, Edward J. Zulkey and Gerald L. Maatman, Jr., Baker & McKenzie, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss the amended complaint for compensatory damages and declaratory relief. Plaintiff alleges violations of the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981, 1982, 1983, and pendent state law theories. Jurisdiction in this Court is based on Title 28, United States Code, Section 1331.

Defendants argue, among other things, that plaintiff's claims are time barred by the two-year Illinois statute of limitations imposed by the Supreme Court's decision in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For the reasons stated herein, the Court denies defendants' motion to dismiss all counts of plaintiff's amended complaint.

## FACTS

The following facts are alleged in plaintiff's amended complaint. For purposes of this order they are considered to be true.

Since 1973 plaintiff has attempted to build a group of apartment buildings. Plaintiff engaged subcontractors to perform the construction work in 1977. Three of these subcontractors were black. After the defendants discovered the subcontractors' race, the defendants harassed plaintiff by initiating needless zoning and building restrictions in an attempt to prevent completion of the apartments.

From 1980 to 1982, defendants withheld police protection from the construction area and withheld zoning decisions with the intent to reduce the value of plaintiff's property. Plaintiff initiated this litigation in March 1985 based on his belief that his civil rights had been violated.

## DISCUSSION

I. *§ 1983 Statute of Limitations*

■ Because the Reconstruction Civil Rights Acts do not contain a specific statute of limitation governing 42 U.S.C. § 1983 actions, the Court is obligated to adopt the forum state's statute of limitation as federal law. *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985). In 1977, the Seventh Circuit held that all claims founded on the Civil Rights Acts are governed by the five-year Illinois statute of limitations applicable to all statutory causes of action that do not contain their own limitations periods. *Beard v. Robinson,* 563 F.2d 331, 338 (7th Cir.1977).

■ In 1985, however, the Supreme Court characterized all § 1983 actions uniformly as personal injury actions and applied to § 1983 actions the state statute of limitations governing personal injury actions. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). As a result of *Wilson,* the appropriate limitation period for § 1983 actions brought in Illinois is the two-year personal injury claim limitation provided by § 13–202 of the Illinois Code of Civil Procedure.

The issue before the Court is whether *Wilson* should be applied retrospectively to bar plaintiff's claim, or whether the five-year limitation chosen in *Beard* should be applied to allow maintenance of plaintiff's claim. The parties agree that plaintiff's action was timely filed under the then-applicable Seventh Circuit decision in *Beard.* The parties also agree that plaintiff's action would be untimely under a retrospective application of the *Wilson* decision because it was filed more than two years after the events surrounding plaintiff's unsuccessful attempt to develop his property.

The Supreme Court addressed the issue of retrospective application of changes in the law of statutes of limitations in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), applying a three-part analysis:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

(Citations omitted). Plaintiff's action must be analyzed in light of these factors.

### A. *The Change from Prior Law*

■ *Wilson* established a new principle of law when it effectively overruled a long line of decisions by the Court of Appeals for the Seventh Circuit, starting with *Beard.* In the case before this Court, plaintiff filed his suit in March 1985, shortly before *Wilson* was decided. The Seventh Circuit decision in *Beard* represented

the law governing this case during the five years plaintiff was repeatedly injured and for the ensuing two and one half years until plaintiff instituted his lawsuit. It cannot be assumed that plaintiff could have foreseen that this consistent interpretation of *Beard* would be overturned. Plaintiff's reasonable reliance upon the Seventh Circuit's clear precedent in waiting to file suit should not result in a barred claim by retrospective application of *Wilson.* The Court "should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights." *Griffin v. Illinois,* 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 (1955).

Not all courts are in agreement as to nonretrospective application of *Wilson.* The Court of Appeals for the Third Circuit applied *Wilson* retrospectively in *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir. 1985). A detailed analysis of *Smith* is enlightening. In *Smith,* plaintiff Smith brought a § 1983 racial discrimination claim alleging he was discharged from his employment in violation of the due process clause of the Fourteenth Amendment. The then-existing statute of limitations required Smith to file his claim within six years of the action's accrual; he filed within two and one half years. Defendants argued that the statute of limitations should be two years for due process violations absent breach of contract allegations. The district court rejected defendants' claim that the complaint was untimely, holding that the applicable state statute of limitations was six years.

The Third Circuit reversed the district court and granted summary judgment to defendants. The court held that *Wilson* should be applied retrospectively to Smith's claim thus requiring application of the two-year state personal injury limitation. Since Smith filed after the two-year period, the court ruled that Smith's claim was time barred.

The holding in *Smith* will not be followed because the key facts in *Smith* are

distinguishable from the facts before this Court. In *Smith,* the plaintiff filed suit in the Third Circuit where application of the statute of limitations had been erratic and inconsistent, without clear precedent on which the plaintiff could have reasonably relied in waiting to file suit. The Third Circuit placed great emphasis on the absence of any definitive holding within the circuit and the existence of divided district courts within the circuit. Noting that *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), only barred retrospective application when a change from prior law occurs, the *Smith* court applied *Wilson* retrospectively. The *Smith* court believed that the change from prior law factor in *Chevron* was not implicated in the absence of clear prior precedent. The Third Circuit reasoned that the absence of definitive interpretations espousing a limitation longer than two years and the district court's support for the two-year limitation should have put Smith on notice that it would not have been reasonable to wait more than two years to file suit.

The existence of a prior precedent consistently applied in the Seventh Circuit distinguishes the facts before the Court from the facts present in *Smith.* Because the Seventh Circuit consistently applied the five-year limitation, *Wilson* effectively overruled clear past precedent. Under the *Chevron* analysis, retroactivity is inappropriate where past precedent on which the parties may have relied is overruled. The existence of clear precedent in the Seventh Circuit applying a five-year limitation period should not have put plaintiff on notice that it would be unreasonable to wait more than two years from the accrual of the action. The cases are therefore distinguishable by the consistency in the application of the longer time limitation.

### B. *Purposes of Wilson v. Garcia*

The second step in the *Chevron* analysis is to determine whether the purposes of the new rule will be furthered or retarded by retrospective application. The purposes of *Wilson* were to promote uniformity and to minimize unnecessary litigation. These purposes are not retarded by following the previously acceptable Seventh Circuit five-year limitation rule in this case because a uniform approach already existed within the circuit. Even the *Smith* court could not "say that the policies referred to in *Wilson v. Garcia* militate clearly in favor of retrospective application." 764 F.2d at 196 (3d Cir.1983). Applying the facts, the Court cannot say that retrospective application barring plaintiff's claim would either hamper or promote the goals set out in *Wilson.*

### C. *The Equities of Retrospective Application*

Finally, the Court must consider whether retrospective application would impose harsh, unjust, or inequitable results. The Court believes that it would under the circumstances of this case. In *Chevron,* the Supreme Court stated that where "a plaintiff could have reasonably waited to file suit under the established prior rule, it would be inequitable to say he had slept on his rights because of a later and unforeseeable Supreme Court decision." 404 U.S. at 108, 92 S.Ct. at 356. From 1977 until the time this claim was filed, the Court of Appeals for this Circuit had clearly and consistently applied the five-year limitation period for § 1983 claims. Plaintiff justifiably relied on those cases in filing his suit. It therefore cannot be said that plaintiff slept on his rights when his action was timely under the law in effect at the time.

Accordingly, the Court concludes that the Supreme Court's approach in *Wilson* should not be retroactively applied to bar plaintiff's claim because plaintiff justifiably relied upon the Seventh Circuit's prior precedent, the purposes of *Wilson* would not be retarded, and retrospective application would impose an unjust result.

### II. *§ 1981 and § 1982 Claims*

Defendant argues that *Wilson* mandates that the two-year statute of limitation that applies to § 1983 claims extends with equal force to time-bar claims brought under § 1981 and § 1982. The Court finds it unnecessary to make such an extension

since plaintiff's claims also would not be time barred even assuming that the two-year personal injury limitation applies to § 1981 and § 1982 claims. Plaintiff's claims would not be barred because the Court holds that *Wilson* should not be retrospectively applied to bar claims brought in the Seventh Circuit. For the same reasons *Wilson* should not retrospectively apply to § 1983 claims, the Court also holds that the two-year limitation imposed in *Wilson* does not bar plaintiff's § 1981 and § 1982 claims.

### III. *Laches*

■ The doctrine of laches is grounded upon the inequity of permitting enforcement of a claim where some change in circumstances has occurred which would make enforcement unjust. *Harris v. Anaconda Aluminum Co.*, 479 F.Supp. 11, 20 (N.D.Ga.1979). Laches is comprised of two elements: inexcusable delay by a plaintiff in asserting his claim, and undue prejudice to a defendant as a result. *Id.; Akers v. State Marine Line, Inc.*, 344 F.2d 217 (5th Cir.1965). The existence of the defense is left to the discretion of the trial court. *Gardner v. Panama R.R.*, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

■ Neither of the laches elements are present in the instant case. Plaintiff justifiably relied upon the then existing five-year limitation period. Plaintiff's decision to wait two and one half years from the accrual date to file was an acceptable tactical decision. The Court cannot say plaintiff slept on his rights.

Moreover, defendants do not support their assertion that they were unduly prejudiced by plaintiff's decision to wait two and one half years. Defendants' simple, single sentence assertion that the delay prejudiced them is not compelling. Thus, the Court rejects defendants' laches defense.

### IV. *Failure to State a Cause of Action*

The guidelines used in considering a motion to dismiss a complaint for failure to state a claim are well defined. On a motion to dismiss under Federal Rules of Civil Procedure, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true. *Mathers Fund, Inc. v. Colwell*, 564 F.2d 780, 783 (7th Cir.1977). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the requested relief. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court finds that plaintiff has alleged sufficient facts to support his claim.

■ Plaintiff was required to allege two factors in order to state a cause of action under § 1983: (1) some person has deprived him of a federal right; (2) the person who has deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980). Plaintiff fulfilled these requirements. Plaintiff specifically pleaded the names of certain persons who allegedly deprived him of his constitutional rights. In addition, plaintiff alleged these persons deprived him of his constitutional rights by, among other things, depriving plaintiff of equal police protection and initiating policies establishing arbitrary and capricious procedural barriers in building and zoning requirements in order to limit the number of black condominium owners. Plaintiff also clearly pleaded that these persons acted in their official capacities thus under color of state law.

■ Plaintiff's complaint also sufficiently pleads a § 1982 action. § 1982 prohibits racial discrimination in the sale and rental of real property. *Southend Neighborhood Improvement Association v. County of St. Clair*, 743 F.2d 1207, 1210 (7th Cir.1984). Defendants argue that the complaint is insufficient because it does not allege defendants' conduct resulted in a denial of housing opportunities to blacks. A careful reading, however, reveals that plaintiff alleges in paragraph 8 that defendants' actions effectively controlled and limited the number of black condominium purchases by reducing the construction of new apartments. This allegation states a cause of action under § 1982. Consequent-

ly, defendants' motion to dismiss for failure to state a claim is denied.

### V. *Jurisdiction Over Pendent State Law Claims*

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court allowed state claims lacking federal jurisdiction to be adjudicated with closely related federal claims. Defendants before this Court argue that under *Gibbs* the dismissal of plaintiff's civil rights claims should result in the dismissal of the pendent state claims. Such a dismissal would have been appropriate if the Court had dismissed the civil rights claims. In light of the Court's decision to deny dismissal of these claims, defendants' argument is unpersuasive. As a result, the state claims will be adjudicated with the federal civil rights claims.

### VI. *Conclusion*

The plaintiff's amended complaint is not barred by the statute of limitations nor the doctrine of laches. Moreover, plaintiff's complaint states a cause of action. Accordingly, defendants' motion to dismiss is denied.

IT IS SO ORDERED.