296 So.2d 657 (1974)
James G. KARNEGIS, Appellant,
v.
Charles OAKES et al., Appellees.
Nos. 74-47, 74-48.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied July 18, 1974.
*658 Hendricks & Hendricks, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Welcher, Alfred Gustinger, Thomas N. Balikes, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, James G. Karnegis, appeals a summary final judgment for defendants Daniel Edington and Aristides Lazzo. The appellant's action was against these two defendants and others claiming damages against all of the defendants for an alleged act of violence to plaintiff carried out pursuant to an alleged conspiracy among the defendants. After the entry of the summary final judgment for Edgington and Lazzo, the plaintiff appealed. We reverse the summary final judgment entered in favor of the defendant, Daniel Edgington, but affirm the summary final judgment entered in favor of the defendant Aristides Lazzo.
The following statement of fact is necessary for an understanding of the basis of our holdings.
The defendant, Lazzo, is a minority stockholder in Royal Baking Company, Inc., a Florida corporation. The plaintiff and his father, George D. Karnegis, and mother, Theodora Karnegis, are the majority stockholders. Civil litigation has been in progress and still exists between Lazzo and the Karnegises.
In April 1972, the defendant, Oakes, came to Miami from Denver with Herbert Edgington and met and worked with John Edgington and Dan Edgington on construction jobs on several occasions and was working with Daniel Edgington for approximately two weeks prior to the shooting incident. Daniel Edgington discussed with Oakes and Herbert Edgington that he thought Mr. Lazzo would be grateful if someone scared the hell out of the kid (plaintiff). The three of them discussed how they would scare him, including suggested phone calls and shooting at him from a block away with a rifle. Daniel knew of Oakes' criminal record. The scare incident was to be for money and Herbert Edgington quoted a figure of *659 $21,000.00 stating it would be $7,000.00 apiece with the understanding that the money would come from Harry Lazzo. This discussion took place on September 10, 1972, and later that evening Daniel Edgington knew that Oakes and Herbert Edgington were going to do something because Herbert called Daniel in Oakes' presence to find out how to spell the plaintiff's name.
After obtaining the telephone number and address of the plaintiff, Oakes telephoned and had a conversation with the plaintiff to ascertain whether the plaintiff was the correct party.
Later in the same evening, Herbert Edgington and Oakes, armed with a pistol loaded by Herbert, drove to the home of the plaintiff, who answered a knock on his door, and upon opening the door, was asked by Oakes if his name was James Kernegis. Upon receiving an affirmative reply, Oakes asked plaintiff to step outside and upon plaintiff's refusal, Oakes, who was about one foot away from the plaintiff, fired six shots at him from a pistol, plaintiff being hit in the fact by splinters from the door and powder burns on his glasses.
Oakes was arrested and subsequently charged with assault with intent to commit murder with a premeditated design to effect the death of the plaintiff, and with shooting into a dwelling occupied by the plaintiff and his family.
Aristides Lazzo, by deposition, testified that he did not know Oakes but was acquainted with Herbert Edgington, that he had discussed with his son-in-law, Danny, the problems and difficulties that he was having in litigation and that he had kept Danny generally abreast of the status of the proceedings in the case. Lazzo denies that he ever discussed the idea of having the plaintiff killed or sacred so that it would be easier for him to deal with the father and denied that he had paid any monies to Daniel Edgington, Herbert Edgington or Oakes directly or indirectly.
The rule as to summary judgments for defendants has too often been stated to need repetition here. See Basden v. Lowery, Fla.App. 1966, 182 So.2d 265.
Applying these principles to the record before us, it is apparent that by giving the benefit of all inferences to the plaintiff the evidence is such that it does not refute the existence of a conspiracy in which the appellee Daniel Edgington participated. We therefore reverse the summary final judgment for the appellee Daniel Edgington.
Upon the other hand, a review of the same facts show that there is no substantial evidence of any sort to connect the defendant Aristides Lazzo with a conspiracy which may have existed. It is further clear the plaintiff has no evidence to overcome Lazzo's testimony that he knew nothing of the project. To speculate that he may have participated because he might ultimately have received some benefit from the assault is not sufficient. The pleadings, affidavits, depositions and admissions before the trial court clearly demonstrate that plaintiff's claim that the appellee Lazzo participated in a conspiracy against him is pure speculation. Therefore, the summary final judgment for the defendant Aristides Lazzo is affirmed.
Affirmed in part, reversed in part and remanded for further proceedings.