Marv DAVIDOV; Sharon Vaughn; James W. Halley; Karl Vohs; Mollie Babize; Evan Stark; Fay Knopp; Honeywell Project; Clergy and Laity Concerned, individually and on behalf of others similarly situated, Plaintiffs,

v.

HONEYWELL, INC.; James H. Binger; Stephen F. Keating; John Doe; Griffin Bell, Attorney General of United States; Clarence M. Kelley, Director of the Federal Bureau of Investigation; Richard G. Held; and Robert Roe, Defendants.

4–77 Civ. 152.

United States District Court,
D. Minnesota,
Fourth Division.

June 12, 1981.

American Civil Liberties Union Foundation by Susan W. Shaffer, Washington, D. C., and Kenneth F. Tilsen, Saint Paul, Minn., appeared for plaintiffs.

Dorsey, Windhorst, Hannaford, Whitney & Halladay by Steven Wolgamot, Minneapolis, Minn., appeared for Honeywell defendants.

Department of Justice by David H. White, and Mellie H. Nelson, Washington, D. C., appeared for federal defendants.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court upon the motion of defendant Richard G. Held to dismiss. Memoranda were submitted on behalf of plaintiffs and defendant Held, and oral argument was heard on May 1, 1981.

## BACKGROUND

Plaintiffs commenced the above-entitled action on April 21, 1977, alleging that defendants interfered with the exercise of their constitutional rights. Defendant Held was served with process by registered mail in Washington, D. C. on April 25, 1977. By Order dated October 31, 1980, this court granted defendant Held's motion to dismiss for insufficient service of process. Defendant Held was personally served with a summons and the original complaint in this action on January 13, 1981. He asserts that plaintiffs' claims against him are barred by the applicable statute of limitations.

## DISCUSSION

1. The Applicable Statute of Limitations

Plaintiffs' claims against defendant Held are based upon 42 U.S.C. § 1985(3) and directly upon the United States Constitution (the "*Bivens*-type claims"), *see Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The court will first discuss the claims under 42 U.S.C. § 1985(3).

A. 42 U.S.C. § 1988, in relevant part, follows:

The jurisdiction in civil and criminal matters conferred on the district courts by provisions of this Chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the Constitution and Statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

In *Board of Regents v. Tomanio,* 446 U.S. 478, 484–85, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980), the United States Supreme Court stated:

In § 1983, . . . a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law. In § 1988, Congress "quite clearly instructs federal courts to refer to state statutes" when federal law provides no rule of decision for actions brought under § 1983. *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). . . . As [the court] held in *Robertson,* by its terms, § 1988 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is "inconsistent with the Constitution and laws of the United States."

In *Tomanio,* the Supreme Court held that a state's statute of limitations is one such rule of law which must be applied in actions under 42 U.S.C. § 1983 unless inconsistent with federal law. The *Tomanio* Court cited with approval *Johnson v. Railway Express Co.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), in which it had held that the appropriate state statute of limitations also ordinarily is binding in actions under 42 U.S.C. § 1981.

There is no basis for distinguishing actions under 42 U.S.C. § 1985 from those under §§ 1981 and 1983 in this context. 42 U.S.C. § 1988 indicates that the appropriate Minnesota statute of limitations applies to plaintiffs' § 1985 claims if it is not inconsistent with the Constitution and laws of the United States.

Thus, pursuant to 42 U.S.C. § 1988 and *Board of Regents v. Tomanio,* Minneso-

ta common law regarding limitations periods, as modified and changed by the Minnesota Constitution and Minnesota statutes, and so far as not inconsistent with federal statutes and the federal Constitution, "shall be extended to and govern" this court in the above-entitled action.

■ Minn.Stat. § 541.05, Subd. 1(2) sets a limitation period of six years for the commencement of an action "[u]pon a liability created by statute, other than . . . where a shorter period is provided by Section 541.-07." Plaintiffs' 42 U.S.C. § 1985(3) claims are subject to this limitations period, for they are claims based upon a liability created by statute for which no shorter period is provided by Minn.Stat. § 541.07 [1] and Minn. Stat. § 541.05, Subd. 1(2) is not inconsistent with federal statutes or the United States Constitution.

As defendant Held notes, the United States Court of Appeals for the Eighth Circuit in some cases has held that state statutes of limitations applicable to tort claims apply to federal statutory civil rights claims. See Johnson v. Dailey, 479 F.2d 86 (8th Cir.), cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); Savage v. United States, 450 F.2d 449, 450–52 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). However, these cases pre-date Board of Regents v. Tomanio and exhibit no consideration of the effect of 42 U.S.C. § 1988 on the choice of limitations period.

According to § 1988, state law "shall be extended to and govern" federal district courts in certain instances. While federal district courts might be justified in looking to the state statute applicable to "similar" or "analogous" state law causes of action when there is no state statute or common law rule that is applicable,[2] § 1988 requires

federal district courts to utilize a state statute which literally applies. See Peterson v. Fink, 515 F.2d 815, 817 (8th Cir. 1975) (court looks to state statute which "would have governed the action" had it been brought in state court); Beard v. Robinson, 563 F.2d 331, 334 (7th Cir.), cert. denied, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1977) ("the applicable limitations period is that which a court of the State where the federal court sits would apply had the action been brought there. . . . [S]ee 42 U.S.C. § 1988.") Cf. Chambers v. Omaha Public School Dist., 536 F.2d 222, 228 (8th Cir. 1976) ("Courts need not search for a state statute which would apply only in a remotely analogous manner if a state statute of limitations is found which clearly governs and is directly related to the federal civil rights claim." [3]

Moreover, even if, as defendant suggests, the court were to look to the state statute of limitations which applies to state law causes of action "analogous" to plaintiffs' § 1988 claim, it would utilize Minn.Stat. § 541.05, Subd. 1(2).

There has been disagreement in the Eighth Circuit, and among the various Circuits, as to whether the statute of limitations for actions "analogous" to federal statutory civil rights actions is the one "applicable to tort actions based on similar conduct" or "the limitations provision for actions based on a liability created by statute, or . . . the general provision applicable to actions not otherwise provided for." Clark v. Mann, 562 F.2d 1104, 1111 (8th Cir. 1977). See Reed v. Hutto, 486 F.2d 534, 537 n. 2 (8th Cir. 1973). Because there are "fundamental differences between a civil rights action and a common law tort," Beard v. Robinson, supra 563 F.2d at 336, this court concludes that the limitations

---

1. Minn.Stat. § 541.07 sets a limitations period of two years for the commencement of actions "[f]or libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury," as well as for several other actions not relevant herein. Since plaintiffs' § 1985(3) claims are not tort claims, a shorter limitation period is not provided by Section 541.07.

2. The rationale for so doing would be the assumption that Congress intended for there to

be some limitations period on every federal statutory claim. See Holmberg v. Ambrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

3. The court notes that since state courts have concurrent jurisdiction over federal civil rights claims, its reading of § 1988 helps avoid "forum-shopping" and the disparate administration of justice. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

provision for actions based on statutory liability, *Minn.Stat.* § 541.05, Subd. 1(2), is the "most analogous" one. *See Glasscoe v. Howell,* 431 F.2d 863, 865 (8th Cir. 1970); *Beard v. Robinson, supra,* 563 F.2d at 336–338; *Regan v. Sullivan,* 557 F.2d 300, 304 (2d Cir. 1977); *Smith v. Cremins,* 308 F.2d 187, 192 (9th Cir. 1962); Nahmod, *Civil Rights and Civil Liberties* § 4.13, at 128 (1979); *Johnson v. Dailey, supra,* 479 F.2d at 89 (Bright, J., dissenting).

B. No federal statute of limitations exists for plaintiffs' *Bivens*-type claims, and 42 U.S.C. § 1988 does not apply to such claims. Consequently, the court must "borrow" the Minnesota statute of limitations for "analogous" causes of actions. *Beard v. Robinson, supra,* 563 F.2d at 395; *Board of Regents v. Tomanio, supra,* at 483–84, 100 S.Ct. at 1794–95.

*Bivens*-type claims are much more similar to claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1983 than to common law claims for "libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury." Consequently, the limitations provision for federal statutory civil rights action, *Minn.Stat.* § 541.05, Subd. 1(2), rather than *Minn.Stat.* § 541.07, applies to plaintiffs' *Bivens*-type claims. *See Beard v. Robinson, supra,* 563 F.2d at 338; *Regan v. Sullivan, supra,* 557 F.2d at 304.

2. Fraudulent Concealment [4]

Plaintiffs' claims concern acts and events of 1968 to 1974. Plaintiffs allege that they were not aware of defendants' purportedly illegal activities until April 23, 1976, when a Senate Committee published Book III, *Final Report of the Select Committee to Study Governmental Operations,* 94th Cong., 2d Sess., Senate Report No. 94–755. In addition, plaintiffs assert that they were unaware of defendants' activities because the activities were by their nature secret and were affirmatively concealed by defendants.

 The court need not decide whether state or federal law determines the applicability of the doctrine of fraudulent concealment,[5] for that doctrine may be applied under both Minnesota and federal law.

On the record before it, the court holds that the statute of limitations was tolled until plaintiffs' discovery of the alleged concealment. *See American Civil Liberties Union v. City of Chicago,* 431 F.Supp. 25, 28 (N.D.Ill.1976); *Wild v. Rarig,* 302 Minn. 419, 234 N.W.2d 775, 795 (1975).

 The six-year limitations period of *Minn.Stat.* § 541.05, Subd. 1(2) began to run on plaintiffs' claims on April 23, 1976, and service of process upon defendant Held on January 13, 1981 was timely. Therefore, plaintiffs' claims against defendant Held are not time-barred.

Upon the foregoing,

IT IS ORDERED That the motion of defendant Richard G. Held to dismiss be, and it hereby is, in all things denied.

---

4. In light of its decision on this issue, the court need not determine whether commencement of the above-entitled action tolled the statute of limitations for plaintiffs' § 1985 or *Bivens*-type claims.

5. *Compare Holmberg v. Almgren, supra,* with *Board of Regents v. Tomanio, supra.* See *Walker v. Aramco,* 446 U.S. 740, 751 n. 11, 100 S.Ct. 1978, 1985 n. 11, 64 L.Ed.2d 659 (1980).