521 So.2d 178 (1988)
Guillermo MENENDEZ, Appellant,
v.
BEECH ACCEPTANCE CORPORATION, Appellee.
No. 86-2419.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Rehearing Denied March 23, 1988.
*179 Neil J. Berman, Miami, for appellant.
Thornton, David & Murray and Terry L. Redford, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
In a previous appearance of this case we affirmed a summary judgment finding that Founders Financial Corporation's security interest in an aircraft had priority over Menendez's chattel mortgage. Menendez *180 v. Founders Fin. Corp., 496 So.2d 251 (Fla.3d DCA 1986). On remand, with Founders no longer in the case, Menendez amended his complaint to add Beech as a defendant, alleging that its security interest in the aircraft was subordinated to Founders' security interest because of Beech's wrongful conduct. Having thoroughly examined the record, we again find no basis for disturbing the judgment.
No right to have a constructive trust imposed was established because no facts were adduced to support the allegations of fraud, undue influence, or abuse of confidence. Beech had no fiduciary duty to Menendez; in fact they each had competing financial interests to be protected, and in not vigorously protecting Menendez's financial interest, Beech was effectively protecting its own interest. Such conduct engaged in for legitimate purposes, even if tinged with animosity and malice, does not give rise to a cause of action for interference with a contractual relationship. Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla.3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981).
Menendez claimed that Beech conspired with others to conceal facts which would have placed Menendez on notice of a threat to his security interest. There are no facts, however, tending to show that Beech knew of or participated in a scheme to render Menendez's security interest subordinate to Founders' interest. Some proof of knowledge of a conspiracy, and participation in it by the alleged tortfeasor, must be shown in order to survive a motion for summary judgment. Karnegis v. Oakes, 296 So.2d 657 (Fla.3d DCA 1974), cert denied, 307 So.2d 450 (1975).
Neither is there a scintilla of evidence that Beech knowingly obtained, used, or endeavored to obtain or use property of Menendez, or that Beech deprived Menendez of a right to his property or appropriated the property to its own use or to the use of another person  essential elements under the civil theft statute. § 812.014(1), Fla. Stat. (1985). Summary judgment was thus correctly entered on the civil theft cause of action.
Lastly, no abuse of discretion is shown in the trial court's denial of Menendez's motion for leave to file an amended complaint alleging negligence. Since the record reflects that there was an arm's length, competing business relationship between the parties which gave rise to no contractual duty of Beech to protect Menendez's financial interest, there can be no cause of action based on a breach of duty. See Robertson v. Deak Perera (Miami), Inc., 396 So.2d 749 (Fla.3d DCA), rev. denied, 407 So.2d 1105 (1981).
Affirmed.