Philip J. SCUTIERI, Jr., et al., Plaintiffs,

v.

ESTATE OF Philip REVITZ, et al., Defendants.

Nos. 84–2303–CIV, 83–2432–CIV.

United States District Court, S.D. Florida.

April 12, 1988.

James Gilbride, Gilbride, Heller & Brown, P.A., Miami, Fla., for plaintiffs.

Jay A. Hershoff, Hershoff and Levy, P.A., Alvin Davis, Steel, Hector & Davis, Robert C. Josefsberg, Andrew C. Hall, Hall, O'Brien & Anderson, Vance Salter, Coll, Davidson, Carter, Smith, Salter & Barkett, Miami, Fla., for defendants.

## ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

HOEVELER, District Judge.

THIS CAUSE came for consideration upon two motions filed by the various Defendants in this case for summary judgment under Fed.R.Civ.P. 56. The first motion was filed by Defendants, Southeast Bank, N.A. ("Southeast"), D.R. Mead, Jr. ("Mead"), G.R. Bruce Walker, Jr. ("Walker"), William Hopkins ("Hopkins"), William McMillan ("McMillan"), and J.C. Heath ("Heath"; these six Defendants are referred to collectively as the "Southeast Defendants"). The second motion was filed by Defendants, Winifred Paige ("Paige"), Luis Fernandez ("Fernandez"), and Furns Electronic Security Contractors, Inc. ("Furns"). The court will consider these motions separately as they pertain to each count in Plaintiff's complaint.

Summary judgment is appropriate only where there is no genuine issue as to any material fact, and where the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). A party who moves for summary judgment bears the exacting burden of demonstrating that there are no genuine disputes as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether the movant has met this burden, the court must view the evidence and all factual inferences permissable in the light most favorable to the party opposing the motion *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). However, the non-moving party cannot rest upon mere allegations, but must rebut any facts properly presented by the moving party through affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. *Adickes*, 398 U.S. at 155, 90 S.Ct. 1607. Moreover, summary judgment is mandated if, after adequate time for discovery, the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 321, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986).

*Count I: Secrecy of Communications Claim (18 U.S.C. § 2511)*

■ Southeast Defendants and Defendants Paige, Fernandez, and Furns both move for summary judgment as to this count on two grounds: (1) that there is no evidence whatsoever to support this charge; and (2) this claim is untimely under the statute of limitations. With respect to the first ground upon which these Defendants seek summary judgment, Plaintiffs raise the following facts supported by deposition testimony which they claim are sufficient to withstand summary judgment:

(A) Mead, who was Senior Vice–President of Southeast and head of its real estate banking department in November, 1979, told Scutieri in May, 1980 that the Bank was "going to foreclose" against Scutieri and that he was "going to crush [him] like a bug."

(B) Mead met privately with Phillip Revitz ("Revitz"), the receiver, before and after Revitz's appointment.

(C) In July or August of 1980, Revitz hired Alcides Marquez, Fernandez, and Furns to repair the communication system at the Sunrise Club ("Club") where Scutieri resided.

(D) Marquez and Fernandez asked Jorge Smith, an ex-bugging device manufacturer, how to bug a telephone and later admitted to Smith that they had found someone else to show them how to do it and wouldn't need Smith's assistance.

(E) Duriel Paige, who had the only control key to change the cylinders in the apartment locks of the Club, changed the lock in Apt. 101A and kept the only key.

(F) Duriel Paige told a Club guard that "we have a device on Simmons' telephone" in Apt. 401A, where Scutieri also resided.

(G) Revitz and Duriel Paige drove into the Sunrise Club in Revitz's car and Paige told a Club security guard "Me and Revitz just took the tapes and documents to the Bank."

(H) Winifred Paige told Daniel Feldman that she broke into Scutieri's office trailer and took some ledger sheets, which she was going to deliver to the Bank and Vance Salter.

(I) On April 3, 1981, a Southern Bell employee on a routine service call found an illegal cross-wire in building A's telephone block connecting apt. 401A with 101A, which effectively created in 101A an extension of the phones in 401A.

(J) In sworn answers to the Sunrise Club's 1985 interrogatories requesting Southeast to identify and describe all telephone and oral conversations between Southeast and Duriel and Winifred Paige, Southeast denied any contact. Yet, it is now undisputed that Southeast is paying for the defense of all co-defendants in this case.

Plaintiff's Consolidated Response, p. 1–16. To rebut Plaintiffs' allegations, the Defendants offer affidavits of the individual defendants, each of which denies personal involvement in the alleged wiretapping. Defendants also offer a letter from the U.S. Attorney's office in which the Assistant U.S. Attorney, who considered the allegations made by Scutieri in deciding whether to initiate a criminal investigation, ultimately concluded that the alleged activities did not constitute extortion or fraud. However, the court notes that the Assistant U.S. Attorney specifically stated that the decision to decline to investigate was taken "because the evidence adduced to date is seen as not rising to the level of 'proof beyond a reasonable doubt'." Southeast Defendants' Motion for Summary Judgment, Exhibit L. Given the lesser standard for recovery which applies in civil cases such as this one, the decision of U.S. Attorney's Office and the affidavits supplied by the individual Defendants, at most, create a genuine issue of material fact which precludes summary judgment on this count. Plaintiffs have presented sufficient evidence to preclude the conclusion that Plaintiff has not presented any material issues of fact on the points in question.

■ The second ground upon which both groups of Defendants move for summary judgment is based on a statute of limitations defense. Defendants argue that in

1986 the companion civil damage provision to 18 U.S.C. § 2511 (18 U.S.C. § 2520) was amended to require that a civil action be commenced within two years of the claimant's discovery of the alleged violation. 18 U.S.C. § 2520(e); Publ.L. 99–508, Section 103. Defendants further contend that this statute applies retrospectively to bar Plaintiffs' claim because Florida law holds that an amendment to a penal, procedural, or remedial statute is applied retrospectively. However, as a matter of Federal and Florida law, a statute is presumed to operate prospectively in the absence of a clear statement to the contrary by the legislature. *Fordham v. Belcher Towing Co.,* 710 F.2d 709 (11th Cir.1983); *State v. Lavazzoli,* 434 So.2d 321, 323 (1983). In the present action, the wiretapping occurred in the summer of 1980, and this suit was filed within four years. The amendment imposing a two-year statute of limitations was not enacted until 1986. The court notes that not only does this act *not* purport to operate retrospectively, but, the act provides that "amendments by this act are effective 90 days after enactment." Publ.L. 99–508, Section 111. Without a clear statement indicating the legislature intended to apply the new two-year statute of limitations retrospectively, the court will not apply the 1986 amendment to 18 U.S.C. § 2511 retrospectively to bar Plaintiffs' claim, especially where this claim was timely filed under the then-existing statute of limitations.

Based on the aforesaid reasons, the Southeast Defendants' and Defendants Paige, Fernandez, and Furns' motions for summary judgment are DENIED with respect to Count I of Plaintiffs' complaint.

*Count IV: Florida Privacy of Communications Claim (Fla.Stat. § 934.10)*

The parties agree that this statute is modeled after 18 U.S.C. § 2511 and that a four-year statute of limitations applies. Because a four-year statute of limitations applies, Defendants raise no statute of limitation bar with respect to this count. The only ground for summary judgment presented is the same insufficiency of evidence argument which was raised and discussed above. Thus, based on the court's consideration of the evidence as to Count I of Plaintiffs' complaint, the Southeast Defendants' and Defendants Paige, Fernandez, and Furns' motions for summary judgment are DENIED with respect to Count IV of Plaintiffs' complaint.

*Count III: Civil Rights Claim (42 U.S.C. § 1983)*

Both groups of Defendants argue that summary judgment is proper with respect to Plaintiffs' claim under 42 U.S.C. § 1983 because this statute has a four year statute of limitations which precludes any consideration of matters that occurred before September 26, 1980. *See, Schaefer v. Stack,* 641 F.2d 227, 228 (5th Cir.1981). While the applicable statute of limitations in this case is four years, this period does not begin running until the Plaintiffs knew or had reason to know of the events and injury which are the bases for their action as well as who inflicted that injury. *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987); *Levellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980); *see, Schaefer,* at 228. In opposition to summary judgment on this count, Plaintiffs claim that they did not discover their cause of action and/or the identity of the perpetrators until after years of investigation and then brought this action within four years of acquiring that knowledge. The Defendants offer no evidence or even allege that Plaintiffs knew or had reason to know of their injuries more than four years prior to the filing of this action. Knowledge of injury is particularly relevant in cases such as this one which allege a conspiracy as well as fraudulent concealment on the part of the Defendants. Barring evidence which shows Plaintiffs knew or should have known of the offending conduct and the persons responsible for the injury, the statute of limitations does not accrue until Plaintiffs' discovery of the alleged concealment. *See, Davidov v. Honeywell,* 515 F.Supp. 1358, 1361 (D.Minn.1981). Thus, summary judgment is DENIED with respect to Defendants' statute of limitations claims since there remains a question of fact as to when Plaintiffs discovered the events and injury

which are the bases of their action as well as those who inflicted that injury.

■ Secondly, both groups of Defendants argue that summary judgment is proper with respect to Plaintiffs' claim under 42 U.S.C. § 1983 because there is no evidence which implicates the Defendants in the interception and taping of Plaintiffs' conversations. However, the same evidence which precluded summary judgment with respect to Count I is also sufficient at this juncture, at least, to raise questions of fact on the issue of whether both the Southeast Defendants and Defendants Paige, Fernandez, and Furns were involved in an illegal interception of Plaintiffs' conversations. Accordingly, summary judgment is DENIED with respect to Defendants' claims that there is no evidence which raises issues of fact on the question of interception and taping of Plaintiffs' conversations.

Thirdly, the Southeast Defendants argue in favor of summary judgment pursuant to Plaintiffs' Section 1983 claim on the basis that 42 U.S.C. § 1983 will not support a claim based on a respondeat superior theory of liability. *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Defendants cite a Seventh Circuit case which held that a private corporation cannot be found liable strictly on the basis of respondeat superior liability. *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982) *rehearing denied* (1982). However, Plaintiffs argue that in the Eleventh Circuit a private employer may be vicariously liable under 42 U.S.C. § 1983. Plaintiffs base their argument on *Jones v. Preuit and Mauldin*, 808 F.2d 1435, 1442 n. 3 (11th Cir.1987) and *Croy v. Skinner*, 410 F.Supp. 117, 123 (N.D.Ga. 1976).

In *Croy*, a bank was found liable under Section 1983 for the acts of its employees. However, Plaintiffs' reliance on this case is not dispositive because *Croy* was decided prior to the Supreme Court's decisions and sweeping language in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipalities held not liable under Section 1983 on respondeat superior liabili-

ty theory) and in *Polk v. Dodson*, 454 U.S. 312, 325–26, 102 S.Ct. 445, 453–54, 70 L.Ed. 2d 509 (1981) (municipalities held not liable under Section 1983 on respondeat superior liability theory). In the other case cited by Plaintiffs to show that in the Eleventh Circuit a private employer may be vicariously liable under 42 U.S.C. § 1983, the court stated in a footnote that "whether corporations are vicariously liable under Section 1983 for the acts of their employees is an unsettled question." *Jones*, 808 F.2d at 1442, n. 3. This issue was not fully resolved by the Eleventh Circuit in *Jones* because the court found that Section 1983 liability could be imposed pursuant to an exception to the no respondeat superior liability rule where the record in that case supported the existence of policy-making employees and a policy which was the moving force of the constitutional violation.

■ Without an Eleventh Circuit rule on the question of whether a corporation could be vicariously liable under Section 1983, the only precedent on this question comes from the Seventh Circuit, which held that a private corporation cannot be liable strictly on the basis of a respondeat superior theory. *Iskander*, supra. Although this Seventh Circuit case is not binding precedent on this court, Plaintiffs have offered no sound reason why the court should rule to the contrary. Moreover, the Seventh Circuit's position is entirely consistent with the Supreme Court's holdings in *Monell* and *Polk*. As such, the court holds that, as a matter of law, a private corporation cannot be liable strictly on the basis of a respondeat superior theory under Section 1983.

Even if there is no respondeat superior liability for private corporations, Plaintiffs correctly point out that there is an exception to the rule of no vicarious liability under Section 1983 where there is policy-making employee and there was a policy which was the moving force of the constitutional violation. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. *See, Jones v. Preuit and Mauldin*, supra. However, Plaintiffs mistakenly understand this exception to mean that corporations may be liable for a single act of a policy-making individual, regard-

less of whether the act of the individual is deemed "official policy" of the corporation. Even assuming that Mead, as senior vice-president and major shareholder of Southeast, is considered to be a policy-making individual, Plaintiffs must establish that the actions taken by him constituted the "official policy" of Southeast.

■ The cases which Plaintiffs cite in favor of applying the above exception to the no vicarious liability rule all involved actions which were considered to be "policies." In *Pembaur v. Cincinnati*, the Supreme Court discussed at length the "official policy" requirement in the context of municipal liability under Section 1983. *Pembaur v. Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452, 463 (1986). In that case, the Supreme Court held that "[m]unicipal liability attaches only where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered". *Id.* 475 U.S. at 481, 106 S.Ct. at 1299, 89 L.Ed. 2d at 464. The holding in *Pembaur* reflects the Court's understanding that municipalities often spread policymaking authority among various officers and official bodies. *Id.* 475 U.S. at 483, 106 S.Ct. at 1300, 89 L.Ed.2d at 465. This same reasoning would apply to decisions made by a large banking corporation such as Southeast to the extent that the existence of a Southeast "policy" would depend on whether the decision-maker possessed final authority to establish corporate policy with respect to the action ordered. In support of their motion for summary judgment, the Southeast Defendants do not offer evidence which allows this court to determine whether the action taken by Mead constituted Southeast's official policy. Being a senior vice-president and major shareholder of Southeast, the court finds that there exists a factual question for trial as to whether the actions of Mead constituted the "official policy" of Southeast; summary judgment is DENIED on Plaintiffs' Section 1983 claim under the exception to the no vicarious liability rule where there was a policy-making employee and a policy which was the moving force of the constitutional violation.

■ Fourthly, both groups of Defendants also claim they are entitled to summary judgment on Count III because Plaintiffs have not established a prima facie case that they been deprived of a constitutional or federal right. However, Plaintiffs correctly state that an illegal electronic surveillance violates free speech rights under the First Amendment, *Zweibon v. Mitchell*, 516 F.2d 594, 633 (D.C.Cir.1975), violates rights of privacy, *Plante v. Gonzalez*, 575 F.2d 1119, 1127 (5th Cir.1978) *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1978), and violates guarantees against search and seizure under the Fourth Amendment, *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Thus, summary judgment must be DENIED on Defendants' claim that there is no material issue of fact on the question of whether Plaintiffs have been deprived of a constitutional or federal right.

■ The last argument raised by both groups of Defendants in support of summary judgment on Count III is that Plaintiffs have failed to show Defendants acted under color of state or local law as required under 42 U.S.C. § 1983. However, Plaintiffs correctly point out that a court-appointed receiver acts under color of state law as contemplated by the Civil Rights Act. *See Hohensee v. Grier*, 373 F.Supp. 1358, 1363–64 (M.D.Penn.1974) *aff'd. without opinion*, 524 F.2d 1405 (1975) *cert. denied*, 426 U.S. 940, 96 S.Ct. 2659, 49 L.Ed.2d 392 (1976) *reh'g denied*, 429 U.S. 874, 97 S.Ct. 196, 50 L.Ed.2d 158 (1976); *Taylor v. First Wyoming Bank*, 707 F.2d 388, 390, n. 3 (9th Cir.1983); *City Partners Ltd., BMG v. Jamaica Savings Bank*, 454 F.Supp. 1269, 1275 (E.D.N.Y.1978). Furthermore, an action may be brought against a private citizen under the Civil Rights Act if it is alleged that a conspiracy existed between the private party and one acting under color of state law. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 151, 174 n. 44, 90 S.Ct. 1598, 1605, 1617 n. 44, 26 L.Ed.2d 142 (1970). Therefore, summary judgment is DENIED on the issue of

whether Defendants were acting under color of state or local law.

### Count V: Privacy Rights Claim under Florida Common Law

The only ground for summary judgment on this count is the same insufficiency of evidence argument which was raised and discussed in Count I. Thus, based on the court's consideration of the evidence as to Count I of Plaintiffs' complaint, the Southeast Defendants' and Defendants Paige, Fernandez, and Furns' motions for summary judgment are DENIED with respect to Count V of Plaintiffs' complaint.

### Count VI: Intentional Infliction of Emotional Distress

■ Both groups of Defendants move for summary judgment on this count based on an alleged insufficiency of evidence with respect to this count. The Southeast Defendants correctly point out that "liability [under this tort] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community". *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985). The Southeast Defendants argue that Plaintiffs have offered no proof even remotely approaching that standard. However, in considering the evidence in the light most favorable to Plaintiffs, the court believes that Plaintiffs have presented sufficient evidence from which it could be inferred that the Southeast Defendants and Defendants Paige, Fernandez, and Furns were involved in wiretapping activities that could be considered outrageous and unconscionable within the meaning of the tort of invasion of privacy.

■ Defendants, Walker, Heath, Hopkins, and McMillan, Paige, Fernandez, and Furns, claim that summary judgment is appropriate as to them because this tort is subject to a four-year statute of limitations and the amended complaint acknowledges that they had no dealings with the Plaintiffs after April, 1980, over four years before this action was brought. However,

Plaintiffs argue that the amended complaint makes no such acknowledgment and, regardless, that the statute of limitations period does not begin to accrue until the wiretapping was discovered. Plaintiffs further assert that because the wiretapping was discovered within four years of the filing of this complaint, summary judgment based on the statute of limitations defense is improper. Because Defendants have not established that Plaintiffs were put on notice of the invasion of their legal right more than four years before the filing of this action, they have not met their burden of establishing that this action is time-barred. *See Petroleum Corp. v. Clark*, 248 So.2d 196 (Fla.1971). Accordingly, summary judgment is DENIED on Count VI.

### Count VII: Common Law Civil Conspiracy Claim

■ Both groups of Defendants correctly point out that there must be "substantial evidence" to connect an individual to a civil conspiracy *Kernegis v. Oakes*, 296 So.2d 657 (Fla.3d DCA 1974). Defendants, Southeast, Mead, Paige, Fernandez, and Furns, argue that there is no genuine issue as to the commission of any unlawful act by any of them or any agreement by any one of them with any other Defendant to accomplish any unlawful end or any lawful end by unlawful means. *See Union Oil of California, Amsco Div. v. Watson*, 468 So.2d 349, 355 n. 9 (Fla.3d DCA 1985). However, the pleadings, and affidavits before the court, when viewed in the light most favorable to Plaintiffs, supply sufficient evidence from which a jury could infer that Southeast and Mead were involved in a civil conspiracy. The claims which the court considered in Count I could be sufficient to implicate each Defendant with the other Defendants in the alleged wrongdoing.

■ Defendants, Hopkins, Heath, McMillan, and Walker, contend that summary judgment is appropriate as to them because this action is subject to a four-year statute of limitations and the amended complaint acknowledges that they had no

dealings with the Plaintiffs after April, 1980, over four years before this action was brought. However, Plaintiffs argue that the amended complaint makes no such acknowledgment and, regardless, that the statute of limitations on a conspiracy begins to run after the date of the last overt act or after the object of the conspiracy is achieved. Under Florida law, a cause of action for conspiracy accrues when the last act in furtherance of the conspiracy is committed. *Timmins v. Firestone*, 283 So.2d 63 (Fla.App.1973). Therefore, the fact that Defendants, Hopkins, Heath, McMillan, and Walker, were not named in any wrongdoing after April, 1980, does not mean that the four-year statute of limitations begins running in April, 1980 as to these Defendants. Absent evidence by the Defendants of their withdrawal from the alleged conspiracy, their participation in the conspiracy is presumed to continue until the last overt act by any of the co-conspirators. *United States v. Panebianco*, 543 F.2d 447 (2d Cir.1976). As such, the statute of limitations for conspiracy applies equally to all Defendants and begins to run after the date of the last overt act or after the object of the conspiracy is achieved. Accordingly, summary judgment is DENIED on Defendants' statute of limitation defense to Count VII.

*Count VIII: Federal RICO (18 U.S.C. § 1961)*

The Southeast Defendants move for summary judgment with respect to this count on the basis that there is no genuine issue of fact as to the commission of any predicate acts. In opposing summary judgment, Plaintiffs argue that the record supports the existence of predicate acts grounded in mail fraud, wire fraud, extortion, and obstruction of justice. To establish a pattern of racketeering under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Plaintiffs must establish that Defendants committed two acts of racketeering activity as defined in 18 U.S.C. § 1961(1).

■ Plaintiffs allege in their Amended Complaint that the Southeast Defendants committed mail fraud by: (1) Southeast's misapplication of funds from the Phases II and III notes while representing to Plaintiffs that those funds were still intact by mailing him new loan documents which represented that a new and separate loan was forthcoming; and (2) Southeast's mailing of interest statements showing "0%, $0.00" due throughout 1979 and its subsequent demand for the interest waived. The court believes that there exists an issue of material fact on the question of whether these acts constituted mail fraud. *See Durante Bros. and Sons, Inc. v. Flushing Nat. Bank*, 571 F.Supp. 489 (E.D.N.Y.1983), *aff'd in part, rev'd in part*, 755 F.2d 239 (2d Cir.1985), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985).

■ Plaintiffs allege in their Amended Complaint that the Southeast Defendants are guilty of obstruction of justice by: (1) McMillan's memo misrepresenting the status of the liens; (2) Revitz's production of an incomplete report of the Wackenhut investigation and false testimony regarding Southeast's subsidizing of Duriel Paige's legal fees; (3) Southeast's and Mead's subsidizing of Duriel Paige's legal fees and those of its co-defendants in this case. This evidence raises an issue of material fact on the question of whether these acts constituted an obstruction of justice.

Plaintiffs also allege in their Amended Complaint that the Southeast Defendants are guilty of extortion by threatening "to pull the plug on the Sunrise Club unless Scutieri gave up his Travellers commitment." Plaintiffs Consolidated Response to Motions for Summary Judgment p. 47.

Because the evidence offered by Plaintiffs is sufficient to create an issue of fact regarding the commission of at least two predicate offenses under RICO, summary judgment with respect to the Southeast Defendants is DENIED on this count.

■ Defendants Paige and Fernandez contend they are entitled to summary judgment because the only predicate act raised against them in Plaintiffs' amended complaint is that they obstructed justice by giving false testimony at the trial of *Scuti-*

*eri v. Paige,* Case No. 81–900–Civ–Kehoe. Plaintiffs argue that the conviction of Budd Paige in that case supports their position that Winifred Paige gave false testimony when she testified that she had no knowledge who was paying her husband's fees, that she learned of Scutieri's trip to Hawaii through a Sunrise Club employee, and that Budd Paige was not involved in the wiretapping. However, the fact that a jury verdict is inconsistent with Winifred Paige's testimony, without more, is not a sufficient factual basis for establishing a predicate act of obstruction of justice under RICO. Neither Paige or Fernandez are implicated in the predicate acts of mail fraud, extortion, or obstruction of justice described above. Because the mere invocation of a RICO claim has such an in terrorem effect, it is unconscionable to allow a claim to linger and generate suspicion and unfavorable opinion of the putative defendant unless there is some articulable factual basis which, if true, would warrant recovery under the statute. *See Taylor v. Bear Stearns & Co.,* 572 F.Supp. 667, 682 (N.D. Ga.1983). Therefore, summary judgment on Count VIII is GRANTED in favor of Defendants Paige and Fernandez.

*Count X: Florida RICO (Fla.Stat. § 895.05)*

This count is the Florida counterpart to the federal RICO claim alleged in Count VIII. Defendants raise the same arguments in favor of summary judgment as raised in Count VIII. Thus, based on the court's consideration of the evidence as to Count VIII of Plaintiffs' complaint, summary judgment with respect to the Southeast Defendants is DENIED on this count and summary judgment with respect to Defendants Paige and Fernandez is GRANTED.

*Count IX: Federal RICO Conspiracy (18 U.S.C. § 1962(d))*

The Southeast Defendants and Defendants Paige, Fernandez, and Furns move for summary judgment with respect to this count on the basis that there is no genuine issue of fact as to either the commission of any predicate act or the formation or operation of a civil conspiracy. The court has already concluded in its discussion of the evidence on Count VIII that Plaintiffs have offered sufficient evidence to create an issue of fact regarding the commission of at least two predicate offenses under RICO. Moreover, the court has also concluded in its discussion of the evidence on Count VII that the pleadings and affidavits before the court, when viewed in the light most favorable to Plaintiffs, supply substantial evidence from which a jury could infer that the Defendants were involved in a civil conspiracy. With respect to Defendant Paige's contention that there is no proof whatsoever that she was involved in a burglary, the court has already considered this evidence in evaluating the sufficiency of Count I and found that the deposition of Daniel Feldman raises an issue of fact with respect to Defendant Paige's involvement in the burglary of Plaintiffs' office trailer. Accordingly, summary judgment is DENIED on this count with respect to all Defendants.

*Count XI: Florida RICO Conspiracy (Fla.Stat. § 895.03)*

This count is the Florida counterpart to the federal RICO conspiracy claim alleged in Count IX. Defendants raise the same arguments in favor of summary judgment as raised in Count IX. Thus, based on the court's consideration of the evidence as to Count IX of Plaintiffs' complaint, summary judgment is DENIED with respect to Count XI of Plaintiffs' complaint.