PER CURIAM.
This is an appeal by the plaintiffs Marsha and Oland Brawley from an adverse final summary judgment entered below as to the defendants Fabrica d’Armi Pietro Beretta S.p.A. and Beretta U.S.A. Corp. in a products liability action arising out of a shotgun accident. We affirm the final summary judgment appealed from based on a holding that the defendants are not, as a matter of law, legally responsible for the damages sustained by the plaintiffs Marsha and Oland Brawley as a result of Marsha Brawley being injured while using the subject shotgun. We reach this result for two reasons.
First, it is conceded that the above defendants, who are in the gun business, did not manufacture, retail, distribute, or market the allegedly defective shotgun. Second, the fact that the defendant failed to take any action to prevent a third party, Dr. Franco Beretta [who secured the manufacture of and sold the subject shotgun], from marketing the said shotgun in such a way as to mislead Marsha Brawley into believing she was buying the defendants’ shotgun cannot, as urged, create a real or apparent agency relationship or a conspiracy with Dr. Beretta. Dr. Beretta was completely unconnected with the defendants’ gun business, and, as a result, the defendants cannot be held legally responsible for damages caused by the allegedly defective shotgun which was manufactured and sold by third parties. Menendez v. Beech Acceptance Corp., 521 So.2d 178, 180 (Fla. 3d DCA 1988); Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775, 777 (Fla. 3d DCA), rev. denied, 492 So.2d 1334 (Fla.1986); Orlando Executive Park v. P.D.R., 402 So.2d 442, 449 (Fla. 5th DCA 1981), approved, 433 So.2d 491 (Fla.1983); Taco Bell of Calif. v. Zappone, 324 So.2d 121, 124 (Fla. 2d DCA 1975).
Affirmed.